UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| USTA TECHNOLOGY, LLC | § § | |
| v. | § § | CIVIL NO. 4:25-CV-818-SDJ |
| CHARTER COMMUNICATIONS, INC., ET AL. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending Resolution of Ex Parte Reexamination, (Dkt. #50), and the parties' subsequent briefing on the motion, (Dkt. #51, #62, #65). After full consideration, the Court will grant the motion and stay this case in its entirety.

### I. BACKGROUND

This is a patent-infringement suit. Plaintiff USTA Technology, LLC owns U.S. Patent No. RE47,720 ("the '720 patent"), which "relate[s] to technologies for radio frequency spectrum management in a wireless local area network system." (Dkt. #23 ¶¶ 48–49). USTA alleges that Defendants Charter Communications, Inc., Charter Communications Operating, LLC, and Spectrum Gulf Coast, LLC have infringed and continue to infringe "at least claim 19 of the '720 patent." (Dkt. #23 ¶ 68).

USTA filed suit in July 2025, *see* (Dkt. #1), and amended its complaint four months later, *see* (Dkt. #23). Shortly thereafter, Defendants moved to dismiss the First Amended Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3), among other things. *See* (Dkt. #33). Defendants also moved to transfer venue under 28 U.S.C. § 1404(a). *See* (Dkt. #44). In February 2026, the Court, at the parties'

1

request, issued an order authorizing limited discovery related to Defendants' two venue-based motions. *See* (Dkt. #42). The venue-related discovery period is currently ongoing, and Defendants' motions to dismiss and transfer remain pending before the Court.

While the parties were engaged in venue discovery, the United States Patent and Trademark Office ("USPTO") granted two ex parte reexamination ("EPR") requests for the '720 patent. (Dkt. #50 at 2). Both EPRs will reexamine claim 19—the only claim currently at issue in this case—based on prior art that was not considered during prosecution of the '720 patent. (Dkt. #50 at 5–6). Defendants now move to stay this case, in its entirety, pending resolution of the EPRs.[1] *See* (Dkt. #50).

## II. LEGAL STANDARD

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). How best to manage a docket "calls for the exercise of judgment,

---

[1] USTA is asserting the '720 patent in five other cases pending before the Court: *USTA Technology, LLC v. AsusTek Computer Inc.*, 4:24-CV-512-SDJ; *USTA Technology, LLC v. AT&T Mobility LLC, et al.*, 4:24-CV-513-SDJ; *USTA Technology, LLC v. Lenovo Group Limited*, 4:24-CV-515-SDJ; *USTA Technology, LLC v. Comcast Cable Communications, LLC, et al.*, 4:25-CV-819-SDJ; and *USTA Technology, LLC v. T-Mobile USA, Inc.*, 4:25-CV-820-SDJ. (Dkt. #50-1 ¶ 3). Four of those cases (all but *Lenovo*) are stayed, at the respective parties' request, pending the Court's resolution of Defendants' motion to dismiss in this case. (Dkt. #50-1 ¶¶ 4–5). Thus, granting the requested stay here would effectively extend the stay of those cases.

which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

Relevant here, courts generally consider three factors when deciding whether to stay litigation pending reexamination by the USPTO: (1) whether a stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether a stay will likely resolve or simplify the issues before the court. *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "The party seeking a stay bears the burden of showing that such a course is appropriate." *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-86 RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017).

## III. DISCUSSION

All three factors weigh in favor of granting the requested stay. The Court addresses each in turn.

### A. Prejudice

A stay of proceedings will not unduly prejudice USTA because any harm it suffers during the stay can be remedied with money damages. As a non-practicing entity, USTA is not a competitor of Defendants and suffers no competitive harm from Defendants' alleged infringement. It makes sense, then, that USTA seeks only money damages in this case—not injunctive relief. *See* (Dkt. #23 at 20–21). "When a patentee

3

seeks exclusively monetary damages, mere delay in collecting those damages does not constitute undue prejudice." *AR Design Innovations LLC v. Ashley Furniture Indus., Inc.*, No. 4:20-CV-392-SDJ, 2021 WL 6496714, at *2 (E.D. Tex. Jan. 11, 2021). *See also Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, No. CIV. 11-176-LPS, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011) (holding that a patentee's status as a "non-practicing entity, which does not manufacture or sell the products covered by the patents in suit[,] . . . favors a stay").

USTA fails to identify any specific prejudice it will suffer as a result of a stay, beyond "the delay necessarily inherent in any stay," which by itself does not constitute undue prejudice. *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1029 (N.D. Cal. 2014). Thus, the Court finds that the prejudice factor weighs in favor of granting the requested stay.

## B. Stage of the Proceedings

This case is still in its early stages, further supporting the requested stay. Although the parties have conducted some venue-related discovery, they have not begun merits discovery, and no trial date has been set. Indeed, the Court has yet to issue a scheduling order in this case.

To be sure, USTA's other cases involving the '702 patent—which are effectively tied to this one, *see supra* n.1—are at a more advanced stage than this case. But even those cases are still in their relative infancy. When those cases were stayed, the parties had yet to conduct significant discovery, claim construction briefing hadn't begun, the pretrial conference was well over a year away, and no trial date was set.

*See, e.g., USTA Technology, LLC v. AsusTek Computer Inc.*, No. 4:24-CV-512-SDJ (Dkt. #44, #49). Thus, even considering USTA's other cases in addition to this one, the stage-of-proceedings factor weighs in favor of a stay.

## C. Simplification

Finally, a stay will likely resolve or simplify the issues before the Court. As explained above, the USPTO will reexamine the only claim currently at issue in this case. "Other courts in this district have routinely stayed cases where . . . the USPTO has granted EPRs as to all claims of all asserted patents." *Competitive Access Sys., Inc. v. Samsung Elec. Co.*, No. 4:25-CV-886-SDJ, 2026 WL 1495199, at *3 (E.D. Tex. May 28, 2026). Because "about three out of every four claims [subject to reexamination] are changed or cancelled," there is a significant likelihood that the EPR proceedings here will resolve or at least simplify the issues before the Court. *Id.* at *4. Thus, the Court concludes that this factor weighs in favor of a stay.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Stay Pending Resolution of Ex Parte Reexamination, (Dkt. #50), is **GRANTED**.

It is therefore **ORDERED** that this case is **STAYED** in its entirety pending the USPTO's final decisions in the ex parte reexaminations of U.S. Patent No. RE47,720.

It is further **ORDERED** that the parties file a joint status report on the reexamination proceedings every ninety (90) days, with the first report due **August 28, 2026**.

**So ORDERED and SIGNED this 29th day of May, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE